UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIVE FACE ON WEB, LLC

    Plaintiff,

vs.                                  Case No.: 8:15-cv-1128-T-33MAP

BRIAN DRUTMAN d/b/a
PRECISION SPINE & WELLNESS CENTER

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO ITS FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES AND/OR MOTION FOR PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF LAW

**COMES NOW,** the Defendant Brian Drutman, d/b/a Precision Spine & Wellness Center ("Defendant"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 26, and hereby moves this Court for the entry of an Order denying Plaintiff's Motion to Compel Responses to its First Requests for Production and Interrogatories and/or Motion for Protective Order with Incorporated Memorandum of Law, or in the alternative entry of a Protective Order prohibiting the Plaintiff, Live Face on Web, LLC ("Plaintiff"), from obtaining the overly broad, unduly burdensome and irrelevant private financial information from the Defendant, and as grounds therefore, states as follows:

### Background Facts

1. On May 8, 2015, the Plaintiff filed this action for copyright infringement based on alleged improper use of the Plaintiff's web-based software which is essentially a video of an individual that appears on a website when someone accesses the web page via the internet.

2.      On July 10, 2015, the Plaintiff served its first round of requests for production, requests for admission, and interrogatories. Defendant's counsel served responses on August 24, 2015.

3.      On September 16, 2015, Plaintiff filed its Motion to Compel Responses to its First Requests for Production and Interrogatories. The following are the Plaintiff's Interrogatories / Requests for Production and the Defendant's Responses that are currently in dispute:

**Interrogatory No. 4**
Identify all products and services advertised or described on your website(s) during the relevant time frame.

**Response to Interrogatory No. 4**
**OBJECTION**: In addition to the General Objections noted above, Defendant objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant states:

| *Services:* | | *Products:* |
|---|---|---|
| Chiropractic Techniques | Ultrasound | Chiroflow water pillow |
| CT Scans | Intersegmental Traction | Biofreeze |
| Flexion – Distraction | Massage Therapy | Clothing/cosmetics |
| Cold Laser Therapy | Game Ready | |
| Flexibility/Stretching | SpineForce | |
| X-rays | MRI's | |
| Electrical Muscle Stimulation | Computerized Radiograph Mensuration Analysis | |

**Interrogatory No. 5**
State your gross revenues and profits for every product and service identified in response to interrogatory No. 4, and identify any documentation supporting these sums.

**Response to Interrogatory No. 5**
**OBJECTION**: In addition to the General Objections noted above, Defendant objects to this interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as overbroad and unduly burdensome.

**Request to Produce No. 30**
Your profit and loss statements during the relevant time frame.

**Request to Produce No. 31**
Documents sufficient to evidence the gross revenue for all products and services

> advertised or described on your website during the relevant time frame.
>
> **Request to Produce No. 32**
>
> Documents sufficient to calculate your profits for all products or services advertised or described on your website during the relevant time frame.
>
> **Response to Request To Produce Nos. 30-32**
> **OBJECTIONS**: In addition to the General Objections noted above, Defendant objects to this request in that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

### Incorporated Memorandum of Law

Defendant seeks a protective order from this Court quashing and/or limiting the Plaintiffs' demand that the Defendant produce financial information that is not relevant at this point in the litigation. In this case, the Plaintiff alleges that the Defendant used the Plaintiff's copyrighted computer source code, without permission or paying royalties, to promote the Defendant's products and services on the Defendant's website.

However, the Plaintiff's interrogatories seek far more information than what is relevant in this case. Plaintiff's Interrogatory No. 4 seeks all of the services the Defendant advertised on its website and Plaintiff's Interrogatory No. 5 seeks, the "gross revenues and profits for every product and service" offered on the Defendant's website. Essentially, the Plaintiff seeks information concerning every service provided and every product the Defendant sold during the relevant time period, whether or not it is attributable to the alleged infringement via the website. The Plaintiff seems to suggest that the mere listing of a service/product on the Defendant's website somehow made the website responsible for every sale made by the Defendant, whether online or in the brick-and-mortar location.

The Plaintiff points to Section 504(b) of the Copyright Act as the basis for this discovery request. This Act provides:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and **any profits of the infringer that are *attributable to the infringement*** and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b) (emphasis added).

It is important to note, though, the Plaintiff has not yet elected which damages it seeks under 17 U.S.C. § 504, either the statutory damages or the actual damages plus the profits of the Defendant shown to be attributed to the alleged infringement. If the Plaintiff chooses to elect the statutory damages, none of this discovery is relevant to the Plaintiff's claim and would not need to be produced.

In the event the Plaintiff chooses to seek actual damages plus the profits of the Defendant attributable to the infringement, Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." But still, the information sought by the Plaintiff is far beyond what is relevant to the Plaintiff's case, even if the Plaintiff were able to show a copyright infringement. As it clearly states in 17 U.S.C. § 504(b), "the copyright owner is required to present proof *only* of the infringer's *gross revenue*." (Emphasis added). Thus, the only information that is relevant to the Plaintiff's claim is the Defendant's *gross* revenue.

What is more important here, though, is that the Plaintiff's requests are overbroad since it cannot be shown to be related to the alleged infringement. This Court held in *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1280 (M.D. Fla. 2008), that the Plaintiff must show a "reasonable relationship" between the infringing activity and the infringer's gross revenues in order for the plaintiff to be entitled to those damages. In *Thornton*, this Court discussed several

decisions of Federal Circuits that have awarded summary judgment to defendant infringers since the plaintiffs could not show any nexus between the alleged infringement and the defendant's profits. *Id. Balsley v. LFP, Inc.*, 691 F.3d 747, 767 (6th Cir. 2012) (holding that a copyright owner must show a reasonable relationship between the infringer's gross revenue and the actual infringement); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 520 (4th Cir. 2003) ("excluding as a matter of law certain portions of an infringer's revenues from the jury's § 504(b) attributability inquiry."); *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 796 (8th Cir. 2003) (same); *Mackie v. Rieser*, 296 F.3d 909 (9th Cir. 2002) (affirming a grant of summary judgment in favor of the defendant infringer where the "plaintiff failed to offer anything more than mere speculation as to the existence of a causal link between the infringement and the claimed revenues."); *On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001) (holding that "the term 'gross revenue' under § 504(b)) means gross revenue reasonably related to the infringement, not unrelated revenues."); *Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1375 (Fed. Cir. 1999) (holding that plaintiff has "the burden" to demonstrate some nexus between infringement and profits before apportionment can occur); *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983) (noting that "[i]f General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits").

The attributability of the Defendant's profits, if infringement is proven, is well explained by the Eleventh Circuit's decision in *Slep-Tone Entm't Corp. v. Johnson*, 518 Fed. Appx. 815, 819 (11th Cir. 2013). In *Slep-Tone*, the plaintiff filed suit alleging the defendants improperly played karaoke songs in their bars that were copyrighted by the plaintiff, but was only awarded approximately $10,000 in damages. *Id.* at 820. The Eleventh Circuit upheld this decision

reasoning that although there was sufficient evidence to find that the defendants did infringe on the copyrighted product, "it defies common sense to assume that all the profits a bar makes during the time it is offering karaoke are attributable to the fact that it is offering karaoke." *Id.* at 819.

The same reasoning applies here. Even if the Plaintiff were able to prove there was an infringing product on the defendant's website, the Plaintiff would only be able to recover those damages directly attributable to the infringement. Thus, all of the Defendant's profits/losses would not be relevant to an award of damages. The only thing that is relevant and necessary to the Plaintiff's claim is the gross revenues and that is all that should be required to be produced.

## CONCLUSION

The Plaintiff's discovery requests are overbroad since it seeks information that is not attributable to the alleged infringement and seeks more information than is necessary to establish the Plaintiff's claim.

**WHEREFORE**, the Defendant respectfully requests that the Court:

(1) Enter an Order denying the Plaintiff's Motion to Compel Responses to its First Requests for Production and Interrogatories;

(2) Or in the alternative, enter a Protective Order preventing Plaintiff from obtaining the overly broad, unduly burdensome and irrelevant private financial information it seeks from the Defendant; and

(3) Grant to Defendant such further and/or other relief this Court deems just and proper.

ABBEY, ADAMS, BYELICK & MUELLER, LLP

_____
DAVID J. ABBEY, ESQUIRE
FBN 228222
MICHAEL C. AUCHAMPAU, ESQUIRE

FBN 0193259
*Attorneys for Defendant*
Post Office Box 1511
St. Petersburg, Florida 33713-1511
(727) 821-2080
FX: (727) 822-3970
Email: DAbbey@AbbeyAdams.com
MAuchampau@AbbeyAdams.com
lspain@abbeyadams.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 30, 2015 I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which sends a notice of electronic filing to the following counsel for the Plaintiff: Ryan T. Santurri, Esquire, ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A., 255 South Orange Avenue #1401, Orlando, FL 32801, rsanturri@addmg.com.

ABBEY, ADAMS, BYELICK & MUELLER, LLP

_____
MICHAEL C. AUCHAMPAU, ESQUIRE