# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LIVE FACE ON WEB, LLC,**
a Pennsylvania company,

      Plaintiff,

    vs.                                  Case No.: 8:15-cv-1128-T-33MAP

**BRIAN DRUTMAN, d/b/a PRECISION SPINE & WELLNESS CENTER,**
an Individual,

      Defendant.

## PLAINTIFF LIVE FACE ON WEB, LLC'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. 30)

Plaintiff Live Face on Web, LLC ("LFOW"), files this response to the motion for protective order requested by Defendant Brian Drutman, d/b/a Precision Spine & Wellness Center ("Defendant"), and in opposition thereto states as follows:

On September 16, LFOW filed its motion to compel financial information from Defendant (Doc. 27). In response, Defendant opposes the motion and moves for a protective order. According to Federal Rule 26(c)(1) "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" As this Court has noted, to satisfy the requirement of good cause in seeking a protective order, the movant must provide "a particular and specific demonstration of <u>fact</u>, as distinguished from stereotyped and conclusory statements." *U & I Corporation v. Advanced Medical Design, Inc.*, 251 F.R.D. 667, 673 (M.D.Fla. 2008)(emphasis added), quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978); *see also Dang v. Eslinger*, 2014 U.S. Dist. LEXIS 99550, *6 (M.D. Fla. July 22, 2014) (citing *Jennings v. Family Mgmt.*, 201 F.R.D.

272, 275 (D.D.C. 2001) ("[T]he movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements.").

Defendant fails to mention good cause, much less offer <u>specific facts</u> establishing entitlement to a protective order as required. Instead, Defendant argues that requesting gross revenue for products and services advertised using an infringing version of LFOW's Software is irrelevant and somehow overbroad. Relevance is a curious objection, because elsewhere in the same brief Defendant acknowledges (in bold and italics) that the statute specifically recites gross revenue as a component of a copyright plaintiff's damages claim. Expressly contradicting its relevancy objections, Defendant argues that "the only information that is relevant to Plaintiff's claim is the Defendant's *gross* revenue."[1] (Doc. 30, p. 4, emphasis original.) Defendant's relevancy objections cannot overcome the clear language of the statute cited by Defendant in its own brief.

Defendant's generic objection to the breadth of the discovery requests is likewise insufficient to support a motion for protective order. LFOW has sought revenue from Drutman's products and services advertised using an infringing version of LFOW's Software. Defendant's argument appears to be based on the flawed theory that LFOW is required to prove how much of Defendant's (unknown) revenue is attributable to infringement, without the benefit of any financial discovery. While there is no obligation on LFOW to establish the connection between revenue and the claims to justify the request for discovery expressly recited by the statute, there is a nexus to entitle LFOW to the discovery sought and overcome Defendant's unsupported objection. More importantly, this Court has recognized in other cases that it is not plaintiff, but the defendant that must offer evidence regarding attribution of gross revenue to costs or

---

[1] In its motion, LFOW offered to rely on only gross revenue if Defendant is precluded from arguing deduction and attribution theories.

otherwise establish the revenue is not the result of infringement. *See, e.g., Home Design Servs. v. Park Square Enters.*, 2005 U.S. Dist. LEXIS 33627, *11 (M.D. Fla. May 2, 2005).

Having failed to meet the essential elements to support granting a protective order, Defendant turns to a selection of cases (mostly from other circuits) addressing damages theories at <u>summary judgment</u> and on appeal from a <u>bench trial</u>. However, the standard of relevance and proper breadth of discovery is not a question of whether certain evidence of damages can be used at trial, but instead whether the information requested is reasonably calculated to lead to the discovery of admissible evidence. Defendant has failure to recite any factual or legal basis for its requested protective order and offers only generic objections that are contradicted by the statute and Defendant's own concessions. Defendant's motion should be denied, and LFOW's motion to compel should be granted.

Respectfully submitted this October 2, 2015.

*/s/Ryan T. Santurri*
Ryan T. Santurri, FL Bar No. 15698
rsanturri@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL  32802-3791
Telephone:     407-841-2330
Facsimile:     407-841-2343

*Attorney for Plaintiff,*
*LIVE FACE ON WEB, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2015, the foregoing was submitted for filing to the Clerk of the District Court by using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

David J. Abbey, FL Bar #228222
Michael C. Auchampau, FL Bar #0193259
Jennifer J. Kennedy, FL Bar # 517267
ABBEY, ADAMS, BYELICK
 & MUELLER, LLP
Post Office Box 151I
St. Petersburg, Florida  33713
Telephone: (727) 821-2080
Facsimile:  (727) 822-3970
Email : dabbey@abbeyadams.com
mauchampau@abbeyadams.com
jkennedy@abbeyadams.com
 lspain@abbeyadams.com

*Attorneys for Defendant,*
*BRIAN   DRUTMAN   d/b/a   PRECISION*
*SPINE & WELLNESS CENTER*

                                              */s/ Ryan T. Santurri*
                                            Ryan T. Santurri, Florida Bar No. 15698