```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

LIVE FACE ON WEB, LLC,

            Plaintiff,
                                Case No.: 8:15-cv-1128-T-33MAP
v.

BRIAN DRUTMAN D/B/A PRECISION
SPINE & WELLNESS CENTER,

            Defendant.
_____/
```

**ORDER**

This matter is before the Court upon consideration of Plaintiff Live Face on Web, LLC's Motion for Summary Judgment as to Direct Infringement (Doc. # 26), filed on September 15, 2015. Defendant Brian Drutman, doing business as Precision Spine and Wellness Center, responded on October 8, 2015, by filing his Motion Pursuant to Rule 56(d) to Deny or Defer Time to Respond to Plaintiff's Motion for Summary Judgment as to Direct Infringement (Doc. # 33). As explained below, the Court finds that Live Face on Web's Motion for Summary Judgment is prematurely asserted. The Court thus denies the Motion for Summary Judgment without prejudice.

**I.   Background**

On May 8, 2015, Live Face on Web, the owner of proprietary "live person" software, filed a single-count Complaint alleging copyright infringement against Drutman.

(Doc. # 1). Live Face on Web describes its product as software that "allows a company to display a video of a 'walking' and 'talking' personal host who introduces a website to an online visitor. The personal host is, in effect, a web spokesperson for the specific company for whom the video has been created." (Id. at ¶ 8). According to Live Face on Web, the web spokesperson typically "explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website." (Id.).

In the Complaint, Live Face on Web alleges, inter alia, that Drutman "used a web spokesperson video to promote Defendant's products and/or services" and "in order to display the web spokesperson video," Drutman "used and distributed, without permission, and therefore infringed upon," Live Face on Web's software. (Id. at ¶¶ 19-20). Live Face on Web seeks damages against Drutman, alleging that Drutman "unlawfully and continuously used the infringing version of the LFOW Software on unauthorized Web Page(s), for which Defendant did not pay applicable license fees and video production fees to LFOW." (Id. at ¶ 29).

Drutman denies that he infringed Live Face on Web's copyright and filed his Answer containing twenty defenses on June 22, 2015. (Doc. # 10). Shortly thereafter, on July 7,

2

2015, the Court entered its Case Management and Scheduling Order setting February 5, 2016, as the discovery deadline, establishing March 11, 2016, as the dispositive motions deadline, scheduling a pretrial conference for July 14, 2016, and slating the case for an August, 2016, jury trial. (Doc. # 19).

On September 15, 2015, Live Face on Web filed its Motion for Summary Judgment as to Direct Infringement. (Doc. # 26). Live Face on Web asserts that "there can be no dispute as to direct infringement by Drutman" because "nearly 190 lines of the code distributed by Drutman's website are *identical* to the LFOW Code (which is 469 lines in total length)." (Id. at 2). Live Face on the Web indicates that "with approximately 40% identicality, there can be *no dispute* as to both striking and substantial similarity." (Id.)(emphasis in original). Among other exhibits, Live Face on Web supported its Motion with the declaration and deposition of Eduard Shcherbakov (the owner and CEO of Live Face on Web), the declaration of Benjamin Goldberg (a New York University Professor), and Drutman's responses to requests for admissions.

Drutman responded by arguing that summary judgment is not appropriate at this procedural juncture: "Unlike many copyright infringement cases where the nature of the copyright

3

infringement is an image or tangible matter, from which the infringing nature of the product is apparent, here the case involves deciphering and analyzing computer coding." (Doc. # 33 at 3). Drutman requests that the Motion for Summary Judgment be denied without prejudice as prematurely asserted. In the alternative, Drutman requests an extension of time "until at least March 11, 2016," to formulate his response to Live Face on Web's Motion for Summary Judgment. (<u>Id.</u> at 14). Among other arguments, Drutman indicates that only one deposition has taken place in this case and discovery is "on-going and incomplete." (<u>Id.</u>). As explained below, Drutman has persuaded the Court that Live Face on Web's request for summary judgment is prematurely asserted.

## II. <u>Analysis</u>

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As stated in <u>Blumel v. Mylander</u>, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the

Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted).

Drutman points out that he has not had a meaningful opportunity to develop the facts through discovery and essentially contends that Live Face on Web's Motion for Summary Judgment constitutes an attempt to short-circuit his ability–and the Court's ability–to probe the material facts. Supported by the affidavit of his attorney, Drutman also identifies discovery that he seeks to conduct (including retaining experts) in order to develop his response in opposition to Live Face on Web's Motion for Summary Judgment.

5

(Doc. # 33-6).

Upon due consideration, the Court determines that Live Face on Web's Motion for Summary Judgment should be denied as premature. The court reached a similar result in Blumel, 919 F.Supp. at 423. There, the plaintiff filed a motion for summary judgment "when discovery just began." Id. at 429. The court denied the motion for summary judgment as "blatantly premature" after finding that "there has been inadequate time for discovery." Id. The court explained, "If the Court were to rule on the merits of [the plaintiff's] motion, such ruling would frustrate the [defendants'] right to factually investigate." Id.; see also Fed. R. Civ. P. 56(d)(providing for discovery where a non-movant cannot present facts essential to justify its opposition to the summary judgment motion); Royal Oak Enters., LLC v. Nature's Grilling Prods., Case No. 1:10-cv-2494-JEC, 2011 U.S. Dist. LEXIS 133856, at *9 (N.D. Ga. Nov. 21, 2011) ("Depending on the evidence that is developed during discovery, defendant may ultimately prevail on its motion for summary judgment. However, at this stage in the litigation, the motion is clearly premature.").

The Court determines that the Motion for Summary Judgment is prematurely filed and denies the Motion for Summary Judgment without prejudice. After the parties have had the

6

opportunity to engage in discovery, Live Face on Web may reassert the arguments contained in the Motion for Summary Judgment.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Brian Drutman's Motion Pursuant to Rule 56(d) to Deny or Defer Time to Respond to Plaintiff's Motion for Summary Judgment as to Direct Infringement (Doc. # 33) is **GRANTED** to the extent that the Court denies Live Face on Web's Motion for Summary Judgment as prematurely asserted.

(2) Plaintiff Live Face on Web, LLC's Motion for Summary Judgment as to Direct Infringement (Doc. # 26) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of October, 2015.

/s/ Virginia M. Hernandez Covington<br>VIRGINIA M. HERNANDEZ COVINGTON<br>UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record